

# IN THE
# TENHTH COURT OF APPEALS

_____

## No. 10-12-00303-CR

## IN RE ANDREW ROBERTS, JR.

_____

## Original Proceeding

_____

## MEMORANDUM OPINION

On August 21, 2012, this Court received a filing from Andrew Roberts Jr., which he characterizes as a petition for writ of mandamus. In this filing, Roberts alleges that the trial court abused its discretion in denying his application for writ of habeas corpus, which was premised on the contention that his trial counsel was ineffective.[1] However, attached to this filing is a copy of Roberts's post-conviction application for writ of habeas corpus filed in the Texas Court of Criminal Appeals, wherein he made identical

---

[1] Among the many attachments to his filing, Roberts included the trial court's July 17, 2012 findings of fact and conclusions of law on his application for writ of habeas corpus, which the trial court stated was filed on June 1, 2012. Furthermore, as we noted in an earlier iteration of this case, Roberts was convicted of aggravated robbery on July 23, 2003. *See, e.g.*, *Roberts v. State*, No. 10-12-00075-CR, 2012 Tex. App. LEXIS 6431, at *1 n.1 (Tex. App.—Waco Aug. 2, 2012, no pet. h.) (mem. op., not designated for publication); *Roberts v. State*, No. 10-03-00260-CR, 2004 Tex. App. LEXIS 9550 (Tex. App.—Waco Oct. 27, 2004) (mem. op., not designated for publication), *aff'd*, 221 S.W.3d 659, at *1 (Tex. Crim. App. 2007). It is from this conviction that Roberts now complains.

arguments as those contained in his August 21, 2012 filing in this Court.[2]  Roberts has not indicated whether the Texas Court of Criminal Appeals has ruled on his post-conviction application for writ of habeas corpus.

As we have noted previously, "the Texas Court of Criminal Appeals has held that the exclusive post-conviction remedy in final felony convictions in Texas courts is through a petition for writ of habeas corpus filed pursuant to article 11.07 of the code of criminal procedure."  *See Roberts v. State*, No. 10-12-00075-CR, 2012 Tex. App. LEXIS 6431, at *3 (Tex. App.—Waco Aug. 2, 2012, no pet. h.) (mem. op., not designated for publication) (citing TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2011); *Olivo v. State*, 918 S.W.2d 519, 528 n.8 (Tex. Crim. App. 1996)).  "And furthermore, only the Texas Court of Criminal Appeals has jurisdiction over post-conviction writs of habeas corpus in felony cases."  *Id. (citing Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991)).

Because the Texas Court of Criminal Appeals has exclusive jurisdiction over post-conviction writs of habeas corpus in felony cases, and because Roberts has not presented evidence indicating that the Texas Court of Criminal Appeals has ruled on his post-conviction habeas-corpus application that contains arguments that are identical to those raised here, we lack jurisdiction over this matter.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Olivo*, 918 S.W.2d at 520 n.8; *Bd. of Pardons & Paroles ex rel. Keene*, 910

---

[2] The attached copy of Roberts's habeas-corpus application filed in the Texas Court of Criminal Appeals is not file-stamped and, therefore, does not indicate the precise date of filing.  The application does demonstrate that it was signed by Roberts on May 25, 2012.

S.W.2d at 483; *Ater*, 802 S.W.2d at 243; *see also Roberts*, 2012 Tex. App. LEXIS 6431, at **3,

6.  Accordingly, we dismiss Roberts's August 21, 2012 filing for lack of jurisdiction.


                                        AL SCOGGINS
                                        Justice


Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Dismissed
Opinion delivered and filed August 30, 2012
Do not publish
[CR25]